UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE D. GREEN, as Personal Representative of the Estate of Gladys I. Green, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 12-CV-0484-CVE-FHM ) ) ) ) ) |

**OPINION AND ORDER**

Now before the Court is the United States' Motion to Dismiss and Brief in Support (Dkt. # 6). Defendant argues that the Court lacks subject matter jurisdiction over this case, because the defendant has not waived its sovereign immunity from suit and plaintiff lacks standing to bring claims under 26 U.S.C. §§ 7431, 7432, and 7433. Dkt. # 6. Plaintiff responds that defendant conceded in an appellate brief in a previous case that she had standing, and she filed a timely administrative claim following this concession. Dkt. # 11, at 2.

**I.**

Janice D. Green (Janice Green) is the daughter of Robert C. Green and Gladys I. Green (Gladys Green). Robert C. Green died in July 1980 and Gladys Green was the sole beneficiary of Robert C. Green's estate. Robert G. Green, Gladys and Robert C. Green's son, was appointed as the administrator of the Estate of Robert C. Green (the Estate).[1] The Estate filed a tax return in

---

[1] Robert G. Green was later removed as administrator of the estate for "recalcitrant misconduct" during the discovery process. Green v. United States, 2008 WL 508675, *1 n.2 (N.D. Okla. Feb. 22, 2008).

March 1982 reporting that it owed $75,798 in estate taxes, but the Internal Revenue Service (IRS) audited the return and subsequently assessed an additional $85,422 in estate taxes. The Estate failed to pay the outstanding estate taxes and, in 1988, the IRS filed a collection action in the United States District Court for the Western District of Oklahoma. By that time, the Estate owed a total of $480,587.67 in unpaid taxes, interest, and penalties. The Estate confessed judgment and, in 1989, the IRS filed the judgment with probate court. In 1996, the probate court entered a final decree naming heirs and distributing assets, and all of the assets of the Estate were paid to the IRS for satisfaction of the judgment. When the final decree was entered, the estate had $713,292 in assets.

In 2000, Gladys Green submitted a Freedom of Information Act (FOIA) request to the IRS for documents concerning collection efforts against the Estate, and the IRS produced over 2,300 pages of documents in response to the FOIA request. On November 25, 2002, Gladys Green filed a lawsuit in the Western District of Oklahoma asserting claims under 26 U.S.C. § 7426 (wrongful levy), § 7431 (unauthorized disclosure of taxpayer information), § 7432 (failure to release lien), and § 7433 (unauthorized collection activity). Gladys I. Green v. United States of America, No. 02-1670-C (W.D. Okla.) (Green I)  She also alleged a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for the allegedly unconstitutional seizure of the Estate's property. Gladys Green's claims under §§ 7431, 7432, and 7433 were dismissed, because she was not the taxpayer and she lacked standing. Green v. United States, 2003 WL 22871931 (W.D. Okla. Oct. 16, 2003). She was permitted to voluntarily dismiss her remaining claims after she failed to respond to the United States' motion for summary judgment, but the court advised her that she could be ordered to pay costs if she further attempted to litigate similar claims.

2

In 2005, Janice Green, as guardian of Gladys Green, filed a lawsuit in the Western District of Oklahoma asserting a Bivens claim and a wrongful levy claim under § 7426. Janice D. Green, as guardian of Gladys I. Green, v. United States, No. CIV-05-1052-C (W.D. Okla.) (Green II). The court found that Gladys Green's claims were barred by the statute of limitations and granted summary judgment in favor of the United States.

In 2007, Janice Green, as guardian of Gladys Green, filed a tax refund suit in the United States District Court for the Northern District of Oklahoma. Janice D. Green, as Guardian of Gladys Green, v. United States, No. 07-CV-231-CVE-PJC (N.D. Okla.) (Green III). The Court found that plaintiff had not filed a timely administrative claim, because she had not submitted evidence showing that the taxpayer had filed an administrative claim within 3 years from the date the tax return was filed or 2 years from the date the tax was paid. Green, 2008 WL 508675 at *4-5. The United States asked the Court to dismiss the claims with prejudice, but the Court found that a dismissal for lack of subject matter jurisdiction should be without prejudice. Id. at *5. However, the Court found that "plaintiff and her attorney [] ignored obvious jurisdictional problems" and it was "reasonable to infer that plaintiff and her counsel are attempting to harass the government over disputed estate taxes." Id. at *6. The Court declined to impose monetary sanctions against the plaintiff and found that a limited filing restriction would be sufficient to deter her from filing any other frivolous lawsuits, but she was warned that "any attempt to refile a similar lawsuit in this Court may result in a monetary sanction." Id. at *8.

In February 2010, Janice Green, as guardian of Gladys Green, filed another tax refund suit in the Northern District of Oklahoma, and she alleged that she had filed a timely informal administrative claim. Janice D. Green, as Guardian of Gladys I. Green, v. United States, 10-CV-80-

CVE-FHM (N.D. Okla.) (Green IV). The Court determined that Gladys Green lacked standing to bring a tax refund claim, because the taxes at issue were paid by the Estate and the mere fact that her inheritance may have been diminished did not make Gladys Green a taxpayer for the purpose of a tax refund claim. Green v. United States, 2010 WL 3258566 (N.D. Okla. Aug. 17, 2010). Plaintiff appealed the Court's decision in Green IV to the Tenth Circuit. In its appellate brief, the "government concede[d] that the district court's conclusion that Ms. Green lacked standing might be incorrect," but the Tenth Circuit affirmed the dismissal of plaintiff's claims on other grounds. Green v. United States, 428 Fed. App'x 863, 866 (10th Cir. July 5, 2011). Instead, the Tenth Circuit considered defendant's argument that the government does not waive its sovereign immunity in a tax refund lawsuit unless the aggrieved taxpayer files a timely administrative claim. The record established that the estate taxes were paid on July 22, 1996 and a formal administrative claim was filed on July 18, 2002. The administrative claim was not filed within two years of the date the taxes were paid, but plaintiff argued that she had submitted other documents to the IRS that could be considered a timely informal tax refund claim. The Tenth Circuit rejected this argument and found that none of the letters received by the IRS before July 18, 2002 was sufficient to put the IRS on notice that plaintiff was making a tax refund claim. Thus, plaintiff's administrative claim was untimely and she had not complied with the statutory requirements for filing a tax refund claim, and defendant had not waived its sovereign immunity from suit. The Tenth Circuit did not reach the issue of whether plaintiff had standing to bring a tax refund claim.

On August 27, 2012, plaintiff filed this case asserting claims under §§ 7431, 7432, and 7433. She claims that she was "informed, for the first time, in an appeal brief written by the attorney for the United States, that a tax judgment collection action would have been 'still valid' in 1996 under

4

the Federal Debt Collection Procedure Act . . . ." Dkt. # 2, at 2. She also states that she filed a "timely administrative claim" on February 1, 2012. Id. at 3. Plaintiff claims that the Court was "erroneously led to believe that Gladys I. Green did not have standing to file her refund claim" in previous cases. She seeks over $1,000,000 in monetary damages and she asks the Court to "acknowledge that previously imposed sanctions or threats of sanctions concerning the taxpayer standing of Gladys I. Green should be nullified and held for naught and that an appropriate sanction be entered against the defendant." Id. at 12.

**II.**

Defendant argues that it has sovereign immunity from plaintiff's claims, because plaintiff has not brought her claims within the statute of limitations period provided by §§ 7431, 7432, or 7433 and she lacks standing to bring these claims concerning taxes paid by the Estate. Dkt. # 6. Plaintiff responds that the Tenth Circuit "adopted" defendant's concession concerning her standing to challenge taxes paid by the Estate and she filed an administrative claim in 2012 that was denied by the IRS. Dkt. # 11, at 2. She argues that her claims did not begin to accrue until July 5, 2011 when the Tenth Circuit held that she had standing to bring a tax refund claim, and she timely filed this case after learning that she had "obtained standing." Id. at 3-4.

Contrary to plaintiff's assertion, the Tenth Circuit did not make any finding concerning her standing to bring claims concerning taxes paid by the Estate. Before the Tenth Circuit in Green IV, the United States "concede[d] that the district court's conclusion that Ms. Green lacked standing might be incorrect . . . but urges that the order should be affirmed on alternate grounds." Green, 428 Fed. App'x at 866. The Tenth Circuit acknowledged that "standing is a jurisdictional issue, and should be addressed prior to considering the merits of a case." Id. at 866 n.3. However, it stated

5

that the filing of a timely administrative claim is also a jurisdictional prerequisite and it chose to resolve the case on this ground. Id. The Tenth Circuit expressly declined to consider whether plaintiff had standing to bring claims on behalf of the Estate, and there is no basis for plaintiff's assertion that she "obtained standing" to file claims based on the Tenth Circuit's decision in Green IV. However, as the Court will explain, it is not necessary to resolve the issue of plaintiff's standing, because her claims concerning overpayment of taxes by the Estate and allegedly improper collection activities by the IRS are untimely and the Court lacks jurisdiction to hear this case.

The United States and its agencies are not amenable to suit unless they have waived sovereign immunity. Impact Energy Resources, LLC v. Salazar, 693 F.3d 1239, 1244 (10th Cir. 2012). The party invoking a waiver of sovereign immunity has the burden to prove that the United States has consented to suit. Id. at 1245. The IRS is an agency of the United States and it is protected by sovereign immunity unless the taxpayer can establish a waiver of sovereign immunity. Overton v. United States, 925 F.2d 1282, 1284 (10th Cir. 1991). Under the Internal Revenue Code, the IRS consents to suit only if the taxpayer has complied with all administrative requirements and the claim is filed within the applicable statute of limitations. See Aloe Vera of America, Inc. v. United States, 580 F.3d 867, 871 (9th Cir. 2009); Kim v. United States, 840 F. Supp. 2d 180, 189 (D.D.C. 2012); McQueen v. United States, 264 F. Supp. 2d 502, 509 (S.D. Tex. 2003).

Plaintiff has alleged a claim under § 7431, which permits a taxpayer to bring a claim for damages "[i]f any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of [26 U.S.C. § 6103] . . . ." A plaintiff alleging wrongful disclosure of a tax return or return information must file a claim within two years of "the date of discovery by the plaintiff of the

6

unauthorized inspection or disclosure." 26 U.S.C. § 7431(d). The statute of limitations begins to run when a taxpayer "knew or reasonably should have known of the government's allegedly unauthorized disclosures." Aloe Vera of America v. United States, 699 F.3d 1153, 1159-60 (9th Cir. 2012). Plaintiff argues that her claims "did not accrue until the plaintiff obtained standing to present her claims to a district court." Dkt. # 11, at 3. However, plaintiff cites no authority suggesting that the Court may disregard the statute of limitations contained in § 7431 and her claim is timely only if it was filed within two years of the date plaintiff discovered an unlawful disclosure. The complaint contains no specific allegations concerning when any unlawful disclosures occurred. In Green I, the court dismissed Gladys Green's § 7431 claim for lack of standing, because plaintiff is not the "taxpayer" whose information was allegedly disclosed. Green v. United States, 2003 WL 22871931, *2 (W.D. Okla. Oct. 16, 2003). At the latest, plaintiff was aware of an allegedly lawful unlawful disclosure when she filed Green I, because Gladys Green alleged the same unlawful disclosure claim when she filed Green I in 2002. Even if the Court were to assume that plaintiff's § 7431 claims would have been timely in 2002, her claims are clearly barred by the statute limitations in this case which was filed in 2012.

Plaintiff alleges that the IRS failed to track tax assessments issued in 1988 and 1995, and the IRS failed to issue a certificate of release after these tax assessments expired. Dkt. # 2, at 9. Section 7432 allows a taxpayer to bring a claim for money damages if "any officer of employee of the [IRS] knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer . . . ." Before bringing a § 7432 claim, a taxpayer must exhaust all administrative remedies and the claim must be brought "within 2 years after the date the right of action accrues." 26 U.S.C. § 7432(d). A claim accrues when the taxpayer has "had a reasonable

opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7432-1; Snyder v. United States, 260 Fed. App'x 488, 492 (3d Cir. Jan. 15, 2008); Kumpman v. United States, 1999 WL 644156 (9th Cir. Aug. 13, 1999).  It appears that plaintiff is arguing that the IRS failed to release tax assessments or liens against the Estate after the liens expired.  However, the tax assessments or liens allegedly expired on March 3, 1988 and April 3, 1995, and plaintiff clearly knew of these liens when she asserted a similar claim in Green I.  See Dkt. # 2, at 9; Green v. United States, 2003 WL 22871931, *2 (W.D. Okla. Oct. 16, 2003).  Plaintiff's § 7432 claim accrued when she had a reasonable opportunity to discovery that the IRS was asserting an allegedly invalid tax lien against the Estate, and the latest possible date for such a claim to accrue was in 1995.  Plaintiff's complaint in this case was filed on August 27, 2012, well after the statute of limitations to file a § 7432 expired.  Thus, the United States has not waived its sovereign immunity from suit and plaintiff's § 7432 claim should be dismissed.

Plaintiff alleges three claims under § 7433 that employees of the IRS negligently or intentionally committed misconduct when collecting taxes from the Estate. Dkt. # 2, at 3-8.  A taxpayer may bring a civil claim if "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title . . . ." 26 U.S.C. § 7433(a).  Section 7433 requires that a taxpayer exhaust all administrative remedies and that the claim be brought "within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d).  A claim under § 7433 begins to accrue when "the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."  Kovacs v. United States, 614 F.3d 666, 674 (7th Cir. 2010); Bennett v. United States, 366 F. Supp. 2d 877, 878 (D. Neb. 2005).  In count one, plaintiff alleges

8

that IRS Revenue Officer Alan Ambuehl recklessly or intentionally ordered the extension of a collection limitation statute date and an attorney working for the IRS, Glenn McLoughlin, approved this action. Dkt. # 2, at 4. She further alleges that Ambuehl and McLoughlin failed to initiate a timely foreclosure or collection action, and that former employees of the IRS "confiscated and sold" the Estate's property. Id. at 4-5. As to count one, the latest act alleged in the complaint occurred in 1998 or 1999 when Ambuehl and McLoughlin "covered up their illegal actions and interfered with the proper processing of an informal refund claim" filed by Gladys Green. Id. at 5. Plaintiff claims in count two of the complaint that the IRS failed to follow the proper procedures when collecting estate taxes and the IRS failed to instruct "[Boyer] and Attorney Bruce Moates (former IRS employees) . . . to partition the estate and deliver half of the assets" to Gladys Green. Id. at 6. Count three of the complaint alleges that Elizabeth Johnson, an IRS auditor, and Jennifer Bowen, a taxpayer advocate, neglected to advise Gladys Green to file a formal administrative claim, and these events occurred between 1997 and 1999. The latest act alleged as to any of plaintiff's § 7433 claims occurred in 1999 and plaintiff's claims primarily concern tax collection activities before the tax was paid by the Estate in 1996. Plaintiff had a reasonable opportunity to discover these facts no later than 1999 and her § 7433 claims filed nearly thirteen years after the latest event possibly giving rise to a claim are untimely. Thus, the United States has not waived its sovereign immunity as to any of plaintiff's § 7433 claims and the Court lacks subject matter jurisdiction over this case.

**IT IS THEREFORE ORDERED** that United States' Motion to Dismiss and Brief in Support (Dkt. # 6) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 3rd day of April, 2013.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

9